UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-02551-SB-DFM | Date: | March 26, 2026 |
|---|---|---|---|
| Title | John Doe v. Thomas Tauer et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS) Order Re: Use of Pseudonym (Dkt. 3)**

Plaintiff John Doe has filed a Motion for Leave to Proceed Under Pseudonym ("Motion"). See Dkt. 3. Plaintiff, proceeding pro se, brings this civil rights action against officials at Edwards Air Force Base and the Secretary of the Air Force, alleging disability discrimination, due process violations, retaliation, defamation, and breach of contract arising from a flight training program at the Edwards AFB Aero Club. See Dkt. 1 ("Compl."). Plaintiff seeks to proceed under the pseudonym "John Doe" based on claimed safety concerns arising from his professional background in criminal investigations, counter-terrorism, and security operations. For the reasons set forth below, the Motion is DENIED.

I.      LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1046 (9th Cir. 2010). Parties' identities "should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008).

Nevertheless, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has identified three situations in which pseudonymous proceedings may be permitted: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit an intention to engage in illegal conduct. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Where, as here, the motion rests on claimed retaliation, the Court evaluates five factors: (1) the severity of the threatened harm; (2) the reasonableness of the party's fears; (3) the party's vulnerability to retaliation; (4) prejudice to the opposing party; and (5) the public interest. See Kamehameha Schs., 596 F.3d at 1042. The first two factors are the most important. See id. at 1043. The party seeking anonymity bears the burden of establishing these factors. See Advanced Textile, 214 F.3d at 1068-69.

II.      ANALYSIS

The first two factors of severity of threatened harm and reasonableness of Plaintiff's fears "are intricately related and should be addressed together." Kamehameha Schs., 596 F.3d at 1043. A plaintiff must demonstrate both a fear of severe harm and that the fear is reasonable. See id.

Plaintiff's Motion and supporting declaration assert that his professional background in criminal investigations, counter-terrorism, and security operations creates safety risks if his identity is publicly disclosed. Plaintiff states that disclosure "could expose" him to retaliation from "individuals involved in criminal or extremist activities" and could "compromise ongoing or future investigative activities." See Motion, Decl. ¶¶ 6–13.

These assertions are vague and conclusory. Plaintiff identifies no specific individual or group that poses a threat to his safety. He describes no prior threat or incident of retaliation connected to this litigation or its subject matter. Most importantly, Plaintiff does not connect this lawsuit concerning disability accommodation and defamatory statements to any criminal or extremist actors.

Conclusory assertions of potential harm, without specific facts identifying who would pose the threat or what form it would take, are insufficient to justify pseudonymous proceedings. See Hindu Am. Found., Inc. v. Kish, No. 22-01656, 2024 WL 3794056, at *3-4 (E.D. Cal. Aug. 12, 2024) (denying pseudonymity where declarations were "vague and conclusory" and lacked specifics); Doe v. Cal. Civil Rights Dep't, No. 25-02425, 2025 WL 3753251, at *3 (E.D. Cal. Dec. 29, 2025) (same); Roe v. Skillz, Inc., 858 F. App'x 240, 241-42 (9th Cir. 2021) (affirming denial where plaintiff offered only "conclusory and general statements"). These factors weigh against pseudonymity.

As to vulnerability, anonymity is more likely justified where a plaintiff faces greater threats of retaliation than the "typical" plaintiff bringing a similar type of claim. Advanced Textile, 214 F.3d at 1070-71. Here, Plaintiff has not alleged that he faces greater retaliation risks than any other plaintiff bringing disability discrimination or due process claims against federal officials.

Moreover, Plaintiff has already taken steps under his real identity that undermine his claimed need for anonymity in this litigation. Plaintiff alleges that he has filed complaints with the Edwards AFB Inspector General, the Air Force Inspector General, the Pentagon, the U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Department of Justice Civil Rights Division, and Members of Congress. See Compl. ¶¶ 26–27. He has also filed a Federal Tort Claims Act claim with the Edwards AFB Judge Advocate Legal Office. See id. ¶ 55. These actions, presumably under Plaintiff's true name, diminish any incremental safety risk that would arise from the use of his real name in this proceeding. See Brnovich v. Biden, No. 21-01568, 2021 WL 7630109, at *2 (D. Ariz. Dec. 15, 2021) (noting plaintiff's actions had already revealed his stance, reducing the need for anonymity). This factor weighs against pseudonymity.

Because Plaintiff has failed to make a threshold showing on the first three factors, the Court need not conduct a detailed analysis of prejudice or the public interest. See Kamehameha Schs., 596 F.3d at 1045.

III.    CONCLUSION

Having considered the Advanced Textile factors, none weigh meaningfully in Plaintiff's favor. Plaintiff has not demonstrated a reasonable threat of severe harm sufficient to overcome the strong presumption favoring open judicial proceedings.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Motion for Leave to Proceed Under Pseudonym is DENIED.

2.  Plaintiff shall file an amended complaint substituting his true legal name for "John Doe" within fourteen (14) days of the date of this Order. Failure to comply may result in a recommendation of dismissal.