**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ANTHONY NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS TAUER et al.,<br><br>Defendants. | Case No. 2:26-cv-02551-SB-DFM<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the first amended complaint (FAC), the relevant records on file, the U.S. Magistrate Judge's Report and Recommendation (R&R), and the parties' objections. Plaintiff's requests for clarification seek confirmation of the scope and effect of the recommended rulings rather than any modification of those rulings and therefore do not constitute objections. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining the purpose of requiring objections). The Court accepts the portions of the R&R to which neither party has specifically objected and limits its discussion below to the disputed rulings. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

1. Plaintiff's objections to the dismissal of his *Bivens* claims lack merit. The claims arise in a new *Bivens* context, and the risk of judicial interference with military administration independently forecloses extending *Bivens* to that context.

*See Egbert v. Boule*, 596 U.S. 482, 492–93 (2022). Because amendment would be futile, the Court overrules Plaintiff's objections and accepts the recommendation to dismiss these claims without leave to amend.

2. Defendants object to the recommendation that the Court allow Plaintiff's Administrative Procedure Act (APA) and related declaratory relief claims to proceed and require Defendants to lodge the administrative record. Relying on the broad discretion afforded military commanders to exclude individuals from military installations, Defendants contend that judicial review is limited to the facial validity of the stated grounds for exclusion. *See Cafeteria & Rest. Workers Union v. McElroy*, 367 U.S. 886, 893–94, 898 (1961); *Alvarez v. Grosso*, 662 F. App'x 622, 624–25 (10th Cir. 2016). Whether that limitation applies with equal force to review under the APA presents a substantial question. The Court exercises its discretion to defer resolution of the disputed legal issue until the record has been lodged and the parties have had an opportunity to brief the issue in that context. *See* Fed. R. Civ. P. 12(i). The Court therefore accepts the recommended disposition of these claims without deciding whether judicial review may extend beyond the face of the barment order.

* * *

Plaintiff may file a Second Amended Complaint within 28 days of the entry of this Order. If Plaintiff chooses not to file a second amended complaint within that time, this action will proceed on the first amended complaint as limited by this Order.

Date: November 25, 2026



STANLEY BLUMENFELD, JR.
United States District Judge